Sidney Leviss, J.
In this article 78 proceeding petitioner seeks a judgment annulling a determination by respondent terminating petitioner’s employment in the classified civil service of the State of New York, compelling respondent to reinstate petitioner to her position as of September 14, 1975, and directing respondent to grant petitioner a leave of absence.
Petitioner, a permanent competitive civil service employee in the position of mental hygiene therapy aide, Grade 9, at Creedmoor Psychiatric Center, was injured in the performance of her duties on May 4, 1973. As a result of her occupational injury, petitioner was granted workmen’s compensation leave at full pay from May 6, 1973 to November 22, 1973. Petitioner was subsequently granted official sick leave at half pay, official leave without pay and accrued vacation leave terminating on September 15, 1975. During all of the leaves occasioned by petitioner’s occupational injury she returned to her employ *493 ment for short intervals in 1973, 1974 and 1975 for periods ranging from a few weeks to several months.
During the period of petitioner’s last authorized leave from September 1, 1975 to September 15, 1975 she requested a further authorized leave without pay due to her occupational injury. Presumably in response to this request, respondent informed petitioner by written notice dated October 7, 1975 that her employment had been terminated pursuant to section 71 of the Civil Service Law. The notice stated: "As you have been absent for more that [sic] one year due to the on the job injury of 5/4/73 you are being terminated under section 71 of the Civil Service Law. You may, within one year of your termination, make out an application to the New York State Civil Service Commission for reinstatement to your position. Civil Service will arrange an examination to determine your fitness for duty.”
In a supplemental affidavit, petitioner alleges that following a recent examination by her physician in which it was determined that she was able to resume her duties, she requested reinstatement on July 27, 1976 but was refused without explanation.
In support of the petition it is contended that section 71 of the Civil Service Law does not authorize respondent to terminate petitioner’s employment and as a permanent civil service employee petitioner could not be terminated except on stated charges of misconduct or incompetency after a hearing pursuant to section 75 of the Civil Service Law. It is further contended that section 71 of the Civil Service Law entitles an employee injured in the course of his or her employment to a continuous leave of absence for at least one year and that at the time of petitioner’s termination on October 7, 1975 she had not been afforded such a continuous leave of absence. While conceding that petitioner had not been given a continuous leave of absence for at least one year, respondent contends that petitioner’s termination was proper in all respects.
Section 71 of the Civil Service Law was enacted for the protection of employees disabled by an occupational injury or disease (Memorandum on 1958 Revision, L 1958, ch 790, § 1; 1958 NY Legis Ann, p 75). The statute provides in pertinent part the following: "Where an employee has been separated from the service by reason of a disability resulting from occupational injury or disease as defined in the workmen’s compensation law, he shall be entitled to a leave of absence *494 for at least one year, unless his disability is of such a nature as to permanently incapacitate him for the performance of the duties of his position. Such employee may, within one year after the termination of such disability, make application to the civil service department or municipal commission having jurisdiction over the position last held by such employee for a medical examination to be conducted by a medical officer selected for that purpose by such department or commission. If, upon such medical examination, such medical officer shall certify that such person is physically and mentally fit to perform the duties of his former position, he shall be reinstated to his former position, if vacant, or to a vacancy in a similar position or a position in a lower grade in the same occupational field, or to a vacant position for which he was eligible for transfer.”
It is apparent from a reading of section 71 of the Civil Service Law that it does not authorize termination of employment but rather sets up safeguards to insure that occupationally injured employees not permanently incapacitated will retain their positions or rights to reinstatement during the period of their disability. This interpretation is supported by the regulations of the Civil Service Commission wherein it is provided that "[i]f an employee continues absent after the expiration of the maximum period of allowed leave, his eligibility for reinstatement shall be governed by section 71 of tbe Civil Service Law.” (4 NYCRR 21.8 [h].) It was improper therefor for respondent to have terminated petitioner’s employment on the grounds that she had been on leave for more than one year. Petitioner’s civil service rights could not be diminished under the authority of section 71 of the Civil Service Law, the statute specifically providing that a disabled employee may seek reinstatement "within one year after the termination of such disability”. Respondent’s written communication to petitioner on October 7, 1975 was in effect nothing more than a notification that petitioner was henceforth off the payroll, having exhausted all available leave time.
Petitioner’s contention that she was entitled to a leave of absence in accordance with section 71 of the Civil Service Law for one continuous year is without merit. Although the statute is silent on this point, the regulations enacted by the Civil Service Commission for carrying the statute into effect (Civil Service Law, § 6) provide for a period of absence up to cumulatively one year (4 NYCRR 21.8 [a]). The court has not been *495 directed to any impropriety or conflict between this regulation and the statute. Although section 73 of the Civil Service Law which deals with ordinary and not occupational disability provides for termination of employment "[wjhen an employee has been continuously absent from and unable to perform the duties of his position for one year or more”, this section cannot be compared with section 71 since it authorizes the termination of employment and section 71 does not and its provisions are initiated by the employer rather than the employee.
Accordingly, the petition is granted to the extent that respondent’s determination terminating petitioner’s employment is annulled and respondent is directed to authorize a medical examination of petitioner to determine her fitness to perform the duties of her former position (Civil Service Law, § 71) in accordance with petitioner’s request for reinstatement on July 27, 1976.